556 F.2d 72
 181 U.S.App.D.C. 195
 CONNECTICUT GENERAL LIFE INSURANCE COMPANY, a corporation,
v.
Lillie F. FITZGERALD (two cases).
Appeal of Stephanae FITZGERALD.
Appeal of Edith L. FITZGERALD.
Lillie FITZGERALD
v.
The OHIO STATE LIFE INSURANCE COMPANY, a corporation.
Appeal of Edith FITZGERALD.
 Nos. 75-1585 to 75-1587.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued May 13, 1976.
Decided May 27, 1977.
Rehearing Denied June 27, 1977.
 
 Appeals from the United States District Court for the District of Columbia (D.C. Civil Actions 1676-73 & 1610-73).
 Robert O. Chessman, Ann Arbor, Mich., for appellant in No. 75-1585. Michael W. Faber, Washington, D.C., also entered an appearance for appellant in No. 75-1585.
 M. Michael Klein, Washington, D.C., for Edith Fitzgerald, appellant in Nos. 75-1586 and 75-1587 and appellee in No. 75-1585.
 Clement Theodore Cooper, Washington, D.C., for appellee Lillie F. Fitzgerald.
 Before BAZELON, Chief Judge, and McGOWAN and ROBB, Circuit Judges.
 Opinion PER CURIAM.
 
 PER CURIAM:
 
 1
 This action in interpleader was begun by Connecticut General Life Insurance Company to settle a dispute between rival claimants to the proceeds of insurance policies issued on the life of Clemens H. Fitzgerald. The claimants, named as defendants in the action, were Lillie F. Fitzgerald, second wife of Clemens, Stephanae Fitzgerald, his daughter by a previous marriage, and Edith Fitzgerald, his mother. The District Court ruled that Lillie was entitled to the proceeds of the policies. We reverse.
 
 
 2
 The facts are largely undisputed. On June 26, 1970, Connecticut General Insurance Company issued to Clemens an insurance policy naming Stephanae, his minor daughter, as primary beneficiary. The face amount of this policy was $50,000.00. On August 1, 1970 Connecticut General issued to Clemens another policy naming Edith, his mother, as beneficiary. The face amount of this policy was $30,000.00. On or about December 5, 1963 Ohio State Life Insurance Company issued to Clemens a policy naming Stephanae as beneficiary, the face amount of the policy being $15,000.00.
 
 
 3
 On May 4, 1971 Clemens and Lillie were married. On May 28, 1971 Clemens changed the beneficiary of the Ohio State policy by naming Lillie primary beneficiary; and on July 2, 1971 he changed the beneficiary of the Connecticut General policies by naming Lillie primary beneficiary.
 
 
 4
 On April 26, 1972 Clemens filed a complaint for divorce and on April 27, 1972, Lillie filed a complaint for separate maintenance, both suits being in the Circuit Court for Wayne County, Michigan. On April 28, 1972 Lillie obtained an ex parte preliminary injunction expressly restraining Clemens from, among other things, changing the beneficiaries of any insurance policy. No proof of service of this order was filed in the Wayne County Court. On May 19, 1972 the action for divorce and separate maintenance action were consolidated as one cause in Wayne County Court. Simultaneously on May 19, 1972 in the consolidated case, Lillie filed a counterclaim for divorce and obtained a second preliminary injunction against Clemens enjoining him from transferring or in any way disposing of his personal property.
 
 
 5
 On August 25, 1972 Clemens changed the beneficiary of the $15,000 Ohio State policy from Lillie to Edith, his mother. On August 28, 1972 he changed the beneficiary of the $50,000 Connecticut General policy from Lillie to Edith and Stephanae; and on November 20, 1972 he changed the beneficiary of the $30,000 Connecticut General policy from Lillie to Edith.
 
 
 6
 On March 20, 1973 a hearing in the Wayne County action was held before a referee. Present were Lillie, her counsel, and counsel for Clemens. Counsel advised the referee that "the parties have reached an agreement as to the division of the property interests". (App. 36) The agreement provided that Lillie would receive $17,500 in cash, the furniture in the marital home and all her personal assets. Clemens was to receive the marital home and all his "stocks, bonds, business interests, and all other assets of the parties". He was to pay no alimony but would be responsible for the mortgage payments and all other expenses of the family home and for $2,500.00 of attorney's fees incurred by Lillie. Lillie agreed to withdraw her action to the complaint for divorce, thereby permitting the plaintiff to proceed on a pro confesso divorce. Lillie was sworn and testified under oath that she understood this agreement and acknowledged it as her own free act.
 
 
 7
 The settlement agreement was to be submitted for approval of the Wayne County Court as part of a final judgment of divorce on April 9, 1973. On April 3, 1973, however, Clemens died. After his death the divorce action was dismissed without prejudice and Lillie, the surviving spouse, sold the marital home for $66,500.00, netting $34,000.00.
 
 
 8
 The District Court held that if the April 28, 1972 injunctive order was served on Clemens his attempt to change beneficiaries, being in violation of that order, was invalid. After a hearing at which testimony was taken the court found by a preponderance of the evidence that the order was served on Clemens. Accordingly the court held that Lillie Fitzgerald was entitled to the proceeds of the policies.
 
 
 9
 We think however that service of the April 28 order is not the critical factor. In our view the issues are whether that order was superseded by the injunction of May 19, 1972, and whether the May 19 injunction forbade Clemens to change the beneficiaries. We think the April 28 injunction was superseded and the May 19 injunction did not prohibit the changing of beneficiaries.
 
 
 10
 The injunctive order of April 28, 1972 provided:
 
 
 11
 IT IS ORDERED that CLEMENS H. FITZGERALD, JR., Defendant, his agents, servants, employees and attorneys, and any other persons in active concert or participation with them who actually receive actual notice of this injunctive order, do absolutely desist and refrain from harming, annoying, molesting, physically abusing or in any other manner interfering with the Plaintiff, LILLIE FITZGERALD, and from selling, assigning, encumbering, removing, or otherwise disposing of any of the real or personal properties of the parties hereto and more especially the home at 19380 Parkside Street, Detroit, Michigan, the bank accounts of the parties hereto, the household goods, furnishings and furniture of the parties hereto, and from any way disposing of the parties' now existing insurance or changing the beneficiaries thereon. (Emphasis supplied) (J.A. 243)
 
 The order of May 19, 1972 provided:
 
 12
 IT IS ORDERED AND ADJUDGED,
 
 
 13
 That during the pendency of this action and until further order of this Court that a temporary restraining order issue as directed to the said plaintiff and cross-defendant restraining and enjoining him from withholding payments of mortgage payments, maintenance costs, utility bills including telephone, from withholding the payment of household help including domestic, laundress and gardener; that said plaintiff and cross-defendant be restrained and enjoined from concealing, transferring, withdrawing, assigning, encumbering or in any manner disposing of any bank accounts, personal property or interests in real estate. (Emphasis supplied) (J.A. 247)
 
 
 14
 The District Court ruled that the May 19 injunction applied to the changing of beneficiaries because it enjoined Clemens "from transferring or in any manner disposing of his personal property". (J.A. 338) We are unable to agree with this reasoning. Comparing the two orders it is apparent that the April 28 order treats disposing of Clemens' personal property and changing the beneficiaries of insurance policies as two separate and distinct items. Thus the order enjoined Clemens from "disposing of any of the real or personal properties of the parties . . . and from any way disposing of the parties' now existing insurance or changing the beneficiaries thereon." If the phrase "disposing of personal properties" included insurance policies and the changing of beneficiaries, there would have been no need to make specific reference to the insurance and the changing of beneficiaries. It is therefore significant, and we think decisive, that the injunction of May 19, while referring to the disposition of "personal property" made no reference to insurance policies or to any change of beneficiaries. We conclude therefore that because the April 28 injunction was superseded by that of May 19, which did not refer to insurance policies, Clemens was not forbidden to change the beneficiaries of his insurance policies when he took that action in August and November 1972. Accordingly Edith and Stephanae Fitzgerald are entitled to the proceeds of the policies and judgment must be entered to that effect.
 
 The judgment of the District Court is
 
 15
 Reversed.